IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAMION HARRELL, 1508392,<br>    Petitioner,<br><br>v.<br><br>WILLIAM STEPHENS, Director, Texas Dept.<br>Of Criminal Justice,<br>    Respondent. | No. 3:13-CV-4174-P |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Background

Petitioner was convicted of murder and was sentenced to twelve years in prison. *State of Texas v. Damion Harrell*, No. F-0618564-J (Crim. Dist. Ct. No. 3, Dallas County, Tex., May 30, 2008).

Petitioner does not challenge his conviction. Instead, he claims Respondent has disregarded his good time credits and has failed to release him to parole or mandatory supervision. Petitioner states that although he is eligible for parole, Respondent has arbitrarily determined that his release would endanger the public.

On March 12, 2013, Petitioner filed a state habeas petition challenging his good time

credits and the failure to release him to parole or mandatory supervision. *Ex parte Harrell*, No. 79,461-01. On May 8, 2013, the Court of Criminal Appeals dismissed the petition as noncompliant with Texas Rule of Appellate Procedure 73.1.

On October 9, 2013, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues:

1. TDCJ is violating the separation of powers doctrine;

2. His due process rights are being violated;

3. TDCJ is acting in bad faith;

4. TDCJ is ignoring his good time credits without cause;

5. Inmates have no access to courts to appeal parole decisions;

6. The parole board engages in arbitrary and capricious decision-making.

On April 2, 2014, Respondent filed his answer. On April 28, 2014, Petitioner filed a reply. The Court now finds the petition should be dismissed as barred by limitations.

## II. Discussion

### 1. Statue of Limitations

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). The one-year period is calculated from the latest of: (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on

collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base is petition on any new constitutional right under subparagraph (C). With regard to subparagraph (A), the Court determines that it is inapplicable because it pertains to direct review of "the judgment," which is not at issue in this case. The Court will therefore calculate the one-year statute of limitations under subparagraph (D), from the date the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence.

Petitioner claims his attorney told him he would be released on parole after he served one-half of his sentence, which he states occurred on August 29, 2012. (Pet. Mem. at 1.) Petitioner therefore knew, or should have known, on August 29, 2012 that his release to parole was denied. Petitioner then had one year, or until August 29, 2013, to file his federal habeas petition.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of state habeas proceedings or other collateral review. On March 12, 2013, Petitioner filed a state petition for writ of habeas corpus. On May 8, 2013, the Court of Criminal Appeals dismissed the petition as noncompliant with Texas Rule of Appellate Procedure 73.1. It therefore was not "properly filed" within the meaning of § 2244(d). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings); *Edwards v. Dretke*, 116 Fed. Appx. 470, 2004 WL 2278502, (5th Cir. 2004) (finding state habeas application was not properly filed because it failed

to comply with Texas Rule of Appellate Procedure 73.2). Since Petitioner's state habeas application was not properly filed, it did not statutorily toll the limitations period.

Petitioner was required to file his federal § 2254 petition by August 29, 2013. He did not file his petition until October 9, 2013. His petition is therefore untimely.[1]

### 2. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

---

[1] Petitioner claims the AEDPA limitations period does not apply to his petition because he seeks release on parole and does not challenge his conviction. Petitioner, however, seeks earlier release from custody. His petition is therefore subject to the limitations period under the AEDPA. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (stating that a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**         Page -4-

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 17 day of June, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).